IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LORETHA COTTON-THOMAS**, Individually,
and on behalf of herself and other similarly
situated employees,

Plaintiff,

v.    No. 3:20-CV-113-GHD-RP

**VOLVO GROUP NORTH AMERICA, LLC,**    **FLSA Collective Action**
    **JURY DEMANDED**
Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Loretha Cotton-Thomas ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated as a collective class, files this Collective Action Complaint against Volvo Group North America, LLC, averring as follows:

### I. INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Volvo Group North America, LLC ("Defendant" or "Volvo") on behalf of Plaintiff Loretha Cotton-Thomas, individually, and on behalf of herself and other similarly situated non-exempt hourly paid coordinators ("non-exempt coordinators") as a class, who were employed by Defendant during the three (3) years preceding the filing of this Complaint. Plaintiff seeks damages for overtime compensation on behalf of herself and those similarly situated who have worked for Defendant as non-exempt coordinators at any time

1

within the three (3) years preceding the filing of this lawsuit.

2. These overtime wage claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant has conducted business in this district and Plaintiff was employed by Defendant in this district during at all times material to this action.

## III. PARTIES

5. Defendant, Volvo Group North America, LLC, is a Delaware limited liability corporation with its principal offices located at 7900 National Service Road, Greensboro, North Carolina 27409. Defendant owns and operates distribution centers in the United States that provide parts distribution support for Defendant's Mack and Volvo truck brands, as well as Volvo Construction Equipment and Volvo Penta. Defendant may be served via its registered agent: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

6. Plaintiff Cotton-Thomas was employed as a non-exempt hourly paid coordinator at Defendant's Central Distribution Center located in Byhalia, Mississippi during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. FACTUAL ALLEGATIONS

7. Defendant has been the "employer" of Plaintiff and similarly situated non-exempt coordinators during all times material to this collective action.

8. Defendant supports its truck customers using a network of parts distribution centers located in Mississippi, Illinois, Florida, Nevada, Ohio and Maryland.

9. Defendant maintained and administered a centralized time keeping system for the purpose of recording the compensable time of Plaintiff and other similarly situated non-exempt coordinators.

10. Plaintiff Cotton-Thomas and other similarly situated non-exempt coordinators were employed by Defendant during the three (3) year period preceding the filing of this Complaint.

11. Plaintiff and other similarly situated non-exempt coordinators were employed by and worked for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) year period preceding the filing of this collective action.

12. Defendant has been the "employer" of Plaintiff and other similarly situated non-exempt coordinators within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

13. Plaintiff and other similarly situated non-exempt coordinators have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within the three (3) year period preceding the filing of this Collective Action.

14. At all times material, Defendant has been an enterprise engaged in commerce and

production of goods for commerce as defined by section 203(s)(1) of the FLSA with annual revenues in excess of $500,000.00. Plaintiff and other similarly situated non-exempt coordinators also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

15. Defendant has had a common plan, policy and practice of automatically "editing-out/deducting" a thirty (30) minute meal period from its time keeping system for each work shift of Plaintiff and other similarly situated non-exempt coordinators, irrespective of whether they were relieved from their job duties and/or performed job duties, during such automatically deducted unpaid time periods.

16. In many instances, primarily due to short staffing and productivity quotas, Plaintiff and other similarly situated non-exempt coordinators were not fully relieved of their job duties and responsibilities and/or performed job duties, during such automatically "edited-out/deducted" thirty (30) minute unpaid meal periods within weekly pay periods during all times material.

17. Plaintiff and other similarly situated non-exempt coordinators were not compensated by Defendant at the applicable FLSA overtime compensation rates of pay for such automatically "edited-out/deducted" unpaid thirty (30) minute meal periods within weekly pay periods during which times they were not fully relieved of their job duties and/or, performed work -- during the three years preceding the filing of this collective action.

18. Plaintiff and other similarly situated non-exempt coordinators were routinely required to work over forty (40) hours while "clocked in" to the timekeeping systems;

therefore, the time spent working through automatically "edited-out/deducted" unpaid thirty (30) minute meal breaks was all uncompensated overtime.

19. Plaintiff and other similarly situated non-exempt coordinators complained to Defendant about not being compensated for such thirty (30) minute unpaid meal periods during which times they were not fully relieved of their job duties and/or performed job duties, within weekly pay periods during all times material to this action.

20. Nonetheless, Defendant failed to "edit-in/adjust" the uncompensated meal break times of Plaintiff and other similarly situated non-exempt coordinators into its time keeping system or, otherwise compensate them within weekly pay periods for such unpaid meal times when they were not fully relieved of their job duties and/or performed job duties.

21. Defendant did not have a plan, policy, or practice that prohibited Plaintiff and other similarly situated non-exempt coordinators from performing work during such automatically "edited-out/deducted" unpaid thirty (30) minute meal breaks or a process by which they could be fully relieved of their job duties during such unpaid meal break times.

22. Defendant did not provide Plaintiff and other similarly situated non-exempt coordinators with some type of document or other means by which to record the time they were not relieved from their job duties and/or performed job duties, during such "edited-out/deducted" unpaid thirty (30) minute meal breaks -- at all times material to this action.

23. Defendant was aware it was not compensating Plaintiff and other similarly situated non-exempt coordinators at the applicable FLSA overtime rates of pay for the time they were not relieved of their job duties and/or, performed job duties, during such "edited-out/deducted" unpaid thirty (30) minute meal periods within weekly pay periods during all times material to this action.

24. Defendant's common plan, policy and practice of not compensating Plaintiff and other similarly situated non-exempt coordinators for all their related compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

25. The automatically "edited-out/deducted" unpaid thirty (30) minute meal period claims of Plaintiff and other similarly situated non-exempt coordinators are unified by a common theory of Defendant's FLSA violations.

26. Defendant's failure to compensate Plaintiff and other similarly situated non-exempt coordinators for such automatically "edited-out/deducted" unpaid thirty (30) minute meal periods during which times they were not fully relieved of their job duties and/or performed job duties, within weekly pay periods at all time material, was willful with reckless disregard to the overtime requirements of the FLSA and, without a good faith basis for such conduct.

27. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and other similarly situated non-exempt coordinators in compliance with the overtime compensation requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

28. The net effect of Defendant's common plan, policy, and practice of failing to pay Plaintiff and class members one-and-one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff and other similarly situated non-exempt coordinators.

## V. **FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings this lawsuit as a collective action on behalf herself and other similarly situated non-exempt coordinators pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed to them by Defendant.

30. The proposed collective class of similarly situated persons is defined as:

> All current and former non-exempt coordinators employed by Defendant at its parts distribution centers that implemented automatically deducted meal break practices and policies anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action.[1] ("Class Members")

31. Plaintiff seeks to pursue her unpaid overtime wage claims against Defendant on behalf of herself, individually, and on behalf of herself and all other similarly situated non-exempt coordinators as a collective class.

32. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

7

in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one-and-one-half times their regular hourly rates of pay, as required by the FLSA.

33. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping and compensation plans, policies and practices.

34. Plaintiff and class members also are similarly situated in that their automatically "edited-out/deducted" unpaid meal period claims are unified by a common theory of Defendant's FLSA violations.

35. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

36. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims against Defendant.

37. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

38. Defendant knew Plaintiff and class members were not fully relieved of their job duties and/or performed job duties, during "edited-out/deducted" unpaid meal periods that resulted in excess of forty (40) hours per week within weekly pay periods

at all times material, that required straight and overtime compensation to be paid at the applicable FLSA overtime rates of pay.

39. Nonetheless, Defendant operated under a common plan, policy and practice to deprive Plaintiff and class members of such overtime compensation.

40. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA protected rights of Plaintiff and class members, which conduct caused significant damage to them.

41. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their aforementioned compensable overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

42. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

43. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

44. Plaintiff estimates there are more than two hundred fifty (250) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of

9

the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's U.S. based parts distribution centers.

45. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

46. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

47. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

48. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

49. At all times material, Defendants has been an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

50. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

51. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

52. As a result of Defendant's common plan, policy and practice of automatically "editing-out/deducting" a thirty (30) minute meal period from each shift of Plaintiff

and class members' compensable time when they were not being fully relieved of their job duties and/or performing job duties, within weekly pay periods at all times material (resulting in such time being in excess of forty (40) hours per week without compensating them for all such overtime hours at one and one-half times their hourly regular rates of pay during such weeks), it has violated the FLSA and is liable to them for such unpaid overtime compensation.

53. Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

54. Through its actions, plans, policies and practices Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one-and-one-half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

55. Defendant's actions were willful with reckless disregard to clearly established FLSA requirements.

56. Defendant's actions were not in good faith.

57. The "edited-out/deducted" unpaid overtime wage claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

58. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

59. Defendant is liable to Plaintiff and class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members FLSA statutory damages against Defendant;

b) Award Plaintiff and class members all unpaid overtime compensation against Defendant pursuant to the applicable FLSA overtime rates;

c) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and the collective class their reasonable attorneys' fees and all costs of this action, to be paid by Defendant in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

l) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: April 17, 2020.	Respectfully Submitted,

*s/ George B. Ready*
George B. Ready (MS Bar #4674)
**Law Office of George B. Ready**
175 East Commerce St.
P.O. Box 127
Hernando, MS 38632
662-429-7088
*gbready@georgebreadyattorneys.com*

*ATTORNEYS FOR PLAINTIFF*
*AND OTHERS SIMILARLY SITUATED*