UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LORETHA COTTON-THOMAS, Individually
and on Behalf of Other Similarly Situated Individuals                PLAINTIFF

vs.                                                 CAUSE NO. 3:20-CV-113-GHD-RP

VOLVO GROUP NORTH AMERICA, LLC                                DEFENDANT

---

OPINION DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

---

Presently before the Court is the Plaintiff's motion seeking to have the Court certify

this overtime case as a collective action under the Fair Labor Standards Act ("FLSA") [27].

Upon due consideration and for the reasons set forth below, the Court finds that the motion

should be denied. This matter shall proceed as an individual action.

I.      **Factual and Procedural Background**

The Plaintiff is presently an hourly-paid employee who has worked for the

Defendant at its parts distribution center in Byhalia since 2015 in several different

capacities, including as a salaried employee and most recently as a Shipping Export

Coordinator. [Doc. 28-1, at 1.] The Plaintiff alleges that the Defendant, in violation of the

FLSA, has failed to pay her for all of the time she has spent working. [28-1, at 2.]

Specifically, the Plaintiff's claim is that the Defendant deducts thirty minutes from her pay

each shift for a lunch break, even when the Plaintiff is not actually relieved of her duties

for a thirty-minute period. [Pl.'s Second Am. Compl., Doc. No. 25].

The Plaintiff seeks to certify a collective action, under 29 U.S.C. § 216(b), on behalf

of a class consisting of all hourly-paid employees at the Defendant's Byhalia parts

distribution center who use or have used the Defendant's SAP timekeeping system, regardless of their department or job duties, or whether those employees have ever worked through their meal break. The Defendant opposes certification of the class.

## II.    Standard of Review

The Fair Labor Standards Act (FLSA) requires that employers provide overtime pay to employees who work more than 40 hours a week, unless the statute exempts those employees. 29 U.S.C § 207(a). Section 216(b) of the Act provides that an employee not paid such wages may bring an action for himself and any "other employees *similarly situated*" who join the case by providing written consent. 29 U.S.C. § 216(b) (emphasis added).

The United States Supreme Court has held that FLSA plaintiffs qualify as "similarly situated" when they demonstrate that they raise claims capable of "efficient resolution in one proceeding of *common issues of law and fact arising from the same alleged*" misconduct. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (emph. added). The Fifth Circuit recently clarified the standard that district courts are to utilize in adjudicating motions seeking to conditionally certify classes in FLSA cases. *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021). In *Swales*, the Fifth Circuit made clear that district courts are to "rigorously scrutinize" whether the members of the proposed class are indeed similarly situated. *Swales*, 985 F.3d at 434. If the proposed members of the class are not sufficiently similarly situated, meaning that the Court would be required to conduct "a highly individualized inquiry into each potential plaintiff's circumstances" in order to determine liability, the plaintiff's motion to certify the class should be denied. *Id.* at 442.

2

### III. Analysis

As noted above, the Plaintiff bears the burden of establishing that she and the members of the proposed class are sufficiently similarly situated to permit class certification. *Swales*, 985 F.3d at 443. While this standard does not mean that the class members must be identically situated, it does mean that the Plaintiff must show "a demonstrated similarity" among the purported class members, as well as a "factual nexus" that binds the class members' claims together such that hearing the claims in one proceeding is fair to all parties and does not result in an unmanageable trial of individualized inquiries. *Id.*; *Simmons v. T-Mobile*, No. H-06-1820, 2007 WL 210008, at *8 (S.D. Tex. Jan. 24, 2007). In general, in order to determine if purported class members are sufficiently similarly situated, courts consider (1) the factual and employment settings of the purported class members; (2) the various defenses available to the defendant and if any defenses are individualized rather than applying to the class as a whole; and (3) fairness and procedural considerations. *Swales*, 985 F.3d at 437.

In the case *sub judice*, the Court finds that the Plaintiff has wholly failed to meet the *Swales* standard for certification of this case as a collective action. The Plaintiff has failed to proffer any evidence regarding the existence of any substantive similarities between her claims and the claims of any purported class members, such that the Court can find that class, rather than individual, inquiries will predominate in this matter. Indeed, the nature of the Plaintiff's claim, involving unidentified days and shifts when she *herself* worked through her lunch break and was not paid for her work, does not lend itself to class adjudication – the Plaintiff does not allege that this occurred every day or every shift, such that the Court could find the existence of a class-wide violation.

3

Further, the Plaintiff has defined the class very broadly, as including *all* hourly-paid employees at the Defendant's Byhalia location who used the Defendant's SAP timekeeping system [27]. The Plaintiff fails, however, to demonstrate to the Court how such a diverse group of employees, with different supervisors and work settings and differing frequencies of alleged violations, are similarly situated.[1] The Plaintiff does not even allege that she herself works without a lunch break on a daily basis, nor does she allege that she does so on a weekly basis, indeed neither her allegations nor the Declarations from other employees provide any identifiable specific frequency of alleged violations. The Plaintiff does not set forth what causes her to work without a lunch break, whether it is a supervisory issue, a departmental issue, or a location-wide issue. Instead, she simply avers that she personally is "required and/or allowed to work through [her] thirty-minute meal break" at some unspecified frequency [28-1], and that some other hourly employees have also, at unspecified frequencies and for unspecified reasons, worked through their meal breaks without overtime pay [28-1]. In order to meet the *Swales* standard, the Plaintiff is required to proffer evidence that the Defendant, or that some department or identifiable supervisor within a department, required hourly employees within their respective control to work without a meal break. The Plaintiff simply has not done so. The Plaintiff has further failed to proffer any evidence regarding the nature of the proposed class members' duties or departments, the purported class members' work settings, how often the members worked through their meal breaks, or the cause for the members' missed lunch breaks.

---

[1] The Plaintiff has submitted Declarations from three other employees of the Defendant who also state that they have at various times worked through their lunch breaks without pay [Doc. 28-2]. The Court finds that these Declarations lend no support to the Plaintiff's motion; indeed, the Declarations themselves demonstrate the highly individualized nature of the purported class members' claims, with differing frequencies of alleged violations and differing work circumstances.

4

Such a class is simply not manageable at trial, where each class member would be required to testify as to their individual circumstances, including how often they worked through their meal break and the reasons they did so. Given the level of individualized inquires that would be required at trial, the Court finds that this matter is simply not appropriate for class treatment or certification.[2] The Plaintiff's motion shall therefore be denied.

## IV.    Conclusion

For all of the foregoing reasons, the Court finds that the Plaintiff's motion to certify this matter as a FLSA collective action should be denied. The Plaintiff has failed to meet her burden of demonstrating that potential class members are sufficiently similarly situated to permit collective treatment of their potential claims. The named Plaintiff's individual claims shall proceed, and the purported class members' claims shall be dismissed without prejudice. *Mooney v. Aramco Servs., Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

An order in accordance with this opinion shall issue this day.

This, the _____ day of May, 2021.

_____
SENIOR U.S. DISTRICT JUDGE

---

[2]    The Court notes that the Plaintiff has twice elected not to conduct any additional certification-related discovery prior to her filing the present motion, despite the Fifth Circuit's issuance of its *Swales* opinion. [32]. The Court therefore declines to direct the parties to conduct any additional discovery regarding the purported class members' circumstances, and denies the Plaintiff's motion on the merits as submitted.